# EXHIBIT   B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WHERE 2 GET IT, INC.

      C.A. No. 1:11-cv-00223-GMS

   v.

GEOTAG, INC.

      JURY TRIAL DEMANDED

## DECLARATION OF JOHN EDMONDS GEOTAG'S MOTION TO DISMISS

John J. Edmonds declares as follows:

I am lead counsel for GeoTag, Inc. ("GeoTag") in all of its patent infringement lawsuits

pending in the U.S. District Court for the Eastern District of Texas (the "Texas Actions"). I am

over the age of 18 and I am fully competent to make this declaration. I have personal knowledge

of the facts stated herein from my work as lead counsel for the Texas Actions.

1.    Exhibit 1 hereto is a true and correct copy of an email from Rachel Lamkin, counsel for Where 2 Get It, Inc. ("W2GI") to me. (with highlighting added, which is also done with the other emails below).

2.    From the information provided by Ms. Lamkin, with some research I was able to quickly surmise that W2GI was a provider of systems/methods accused of infringing GeoTag's '474 patent, and that W2GI was likely Ms. Lamkin's unnamed client.

3.    Exhibit 2 hereto is a true and correct copy of an email from me to Ms. Lamkin.

4.    Exhibit 3 hereto is a true and correct copy of an email from Ms. Lamkin to me.

5.    Exhibit 4 hereto is a true and correct copy of an email from Ms. Lamkin to me.

6.    Exhibit 5 hereto is a true and correct copy of an email from me to Ms. Lamkin.

7.    Exhibit 6 hereto is a true and correct copy of an email from Ms. Lamkin to me.

8.    Exhibit 7 hereto is a true and correct copy of an email from Ms. Lamkin to me.

9.    Exhibit 8 hereto is a true and correct copy of an email from Ms. Lamkin to me.

10.     Upon learning that W2GI had filed a declaratory action in Delaware on March 14, 2011, on March 15, 2011 GeoTag proceeded with filing its complaint against W2GI for patent infringement in connection with the '474 patent in the Eastern District of Texas ("EDTX"). Exhibit 9 hereto is a true and correct copy of GeoTag's complaint filed in EDTX. The other defendants in the *GeoTag v. W2GI* suit in Texas are understood to be customers of W2GI who had not been previously sued by GeoTag for infringing its '474 patent.

11.     The cities of Frisco and Longview, Texas are located within the territory of the U.S. District Court for the Eastern District of Texas, and Houston, Texas is located in the Southern District of Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2011 Houston, Texas.

John J. Edmonds

# EXHIBIT B(1)

| From: | Rachael Lamkin |
|---|---|
| To: | John Edmonds |
| Subject: | license to the "474 Geotag patent |
| Date: | Monday, February 21, 2011 1:19:56 PM |

Mr. Edmonds,

At your earliest convenience, I would like to discuss taking a license to Geotag's '474 patent. We represent 11 named defendants in those litigations and an unnamed provider.

Please call me at my cell below.

Best regards,

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA 94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

# EXHIBIT B(2)

| From: | John Edmonds |
|---|---|
| To: | "Rachael Lamkin" |
| Subject: | RE: license to the "474 Geotag patent |
| Date: | Thursday, February 24, 2011 10:04:00 PM |
| Attachments: | Geotag - Rule 408 NDA Confidentialty Agreement (2-1-11).doc |

Rachel,

Thanks for your email. Sorry for the slow response. I've been out of town in depositions for most of this week.

Geotag would be happy to discuss potential licenses with your clients. Geotag's SOP is to conduct such discussions under the auspices of a Rule 408/Non-disclosure agreement. A proposed agreement is attached for your clients' consideration. With a signed agreement in place, we can schedule a call at your convenience.

John J. Edmonds



713.364.5291

**From:** Rachael Lamkin
**Sent:** Monday, February 21, 2011 1:20 PM
**To:** John Edmonds
**Subject:** license to the '474 Geotag patent

Mr. Edmonds,

At your earliest convenience, I would like to discuss taking a license to Geotag's '474 patent. We represent 11 named defendants in those litigations and an unnamed provider.

Please call me at my cell below.

Best regards,

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA 94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

# EXHIBIT B(3)

| | |
|---|---|
| **From:** | Rachael Lamkin |
| **To:** | John Edmonds |
| **Subject:** | Re: license to the "474 Geotag patent |
| **Date:** | Friday, February 25, 2011 12:02:53 AM |

John,

Thank you for your reply. I'll get these signed and get them back to you.

Hope your flight home was uneventful.

Rachael

On Feb 24, 2011, at 9:49 PM, "John Edmonds" <jedmonds@cepiplaw.com> wrote:

Rachel,

Thanks for your email.  Sorry for the slow response. I've been out of town in depositions for most of this week.

Geotag would be happy to discuss potential licenses with your clients. Geotag's SOP is to conduct such discussions under the auspices of a Rule 408/Non-disclosure agreement.  A proposed agreement is attached for your clients' consideration.  With a signed agreement in place, we can schedule a call at your convenience.

John J. Edmonds



**CEPIP**

713.364.5291

---

**From:** Rachael Lamkin
**Sent:** Monday, February 21, 2011 1:20 PM
**To:** John Edmonds
**Subject:** license to the '474 Geotag patent

Mr. Edmonds,

At your earliest convenience, I would like to discuss taking a license to Geotag's '474 patent. We represent 11 named defendants in those litigations and an unnamed provider.

Please call me at my cell below.

Best regards,

Rachael

Rachael D. Lamkin

Turner Boyd LLP
2570 W. El Camino Real, Ste. 380

Mountain View, CA 94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

<Geotag - Rule 408 NDA Confidentialty Agreement (2-1-11).doc>

# EXHIBIT B(4)

| From: | Rachael Lamkin |
| To: | John Edmonds |
| Subject: | RE: license to the "474 Geotag patent |
| Date: | Saturday, February 26, 2011 9:32:15 AM |

John,

I wonder if we can find a solution. My unnamed client is concerned that if the client signs the NDA, they will now be on your radar (and that client, as the provider, would have to be the one to sign the NDA).

Is it possible for me to sign the NDA representing absolute confidentiality for the terms of our discussion? If not, if I reveal my client, can you agree not to sue that client for some short period of time while we negotiate, say 60 days?

We would very much like to work out a license agreement but are concerned about the potential risks.

Let me know if we can work this out.

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA  94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

**From:** John Edmonds
**Sent:** Thursday, February 24, 2011 9:49 PM
**To:** Rachael Lamkin
**Subject:** RE: license to the '474 Geotag patent

Rachel,

Thanks for your email. Sorry for the slow response. I've been out of town in depositions for most of this week.

Geotag would be happy to discuss potential licenses with your clients. Geotag's SOP is to conduct such discussions under the auspices of a Rule 408/Non-disclosure agreement. A proposed agreement is attached for your clients' consideration. With a signed agreement in place, we can schedule a call at your convenience.

John J. Edmonds

**CEPIP**

713.364.5291

**From:** Rachael Lamkin
**Sent:** Monday, February 21, 2011 1:20 PM
**To:** John Edmonds

**Subject:** license to the '474 Geotag patent

Mr. Edmonds,

At your earliest convenience, I would like to discuss taking a license to Geotag's '474 patent. We represent 11 named defendants in those litigations and an unnamed provider.

Please call me at my cell below.

Best regards,

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA 94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

# EXHIBIT B(5)

| From: | John Edmonds |
|---|---|
| To: | Rachael Lamkin |
| Subject: | RE: license to the "474 Geotag patent |
| Date: | Tuesday, March 01, 2011 10:53:00 AM |

Rachael,

We're amenable to working with you on this. Can you draft up something you have in mind, so I can run it past Geotag?

In the mean time, perhaps we should get NDA's signed with your other clients and proceed on that front.

John J. Edmonds



**CEPIP**

713.364.5291

**From:** Rachael Lamkin
**Sent:** Saturday, February 26, 2011 9:29 AM
**To:** John Edmonds
**Subject:** RE: license to the '474 Geotag patent

John,

I wonder if we can find a solution.  My unnamed client is concerned that if the client signs the NDA, they will now be on your radar (and that client, as the provider, would have to be the one to sign the NDA).

Is it possible for me to sign the NDA representing absolute confidentiality for the terms of our discussion?  If not, if I reveal my client, can you agree not to sue that client for some short period of time while we negotiate, say 60 days?

We would very much like to work out a license agreement but are concerned about the potential risks.

Let me know if we can work this out.

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA  94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

**From:** John Edmonds
**Sent:** Thursday, February 24, 2011 9:49 PM
**To:** Rachael Lamkin
**Subject:** RE: license to the '474 Geotag patent

Rachel,

Thanks for your email. Sorry for the slow response. I've been out of town in depositions for most of this week.

Geotag would be happy to discuss potential licenses with your clients. Geotag's SOP is to conduct such discussions under the auspices of a Rule 408/Non-disclosure agreement. A proposed agreement is attached for your clients' consideration. With a signed agreement in place, we can schedule a call at your convenience.

John J. Edmonds



**CEPIP**

713.364.5291

**From:** Rachael Lamkin
**Sent:** Monday, February 21, 2011 1:20 PM
**To:** John Edmonds
**Subject:** license to the '474 Geotag patent

Mr. Edmonds,

At your earliest convenience, I would like to discuss taking a license to Geotag's '474 patent. We represent 11 named defendants in those litigations and an unnamed provider.

Please call me at my cell below.

Best regards,

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA 94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

# EXHIBIT B(6)

| From: | Rachael Lamkin |
| To: | John Edmonds |
| Subject: | Re: license to the "474 Geotag patent |
| Date: | Tuesday, March 01, 2011 11:07:11 AM |

John,

We appreciate your cooperation. I believe it will benefit all concerned.

I will redraft the NDA and send today for your review.

Unfortunately, if I provide the names of the customers, you will know the unnamed provider, but we will be negotiating for a license to all customers.

Rachael

On Mar 1, 2011, at 8:53 AM, "John Edmonds" <jedmonds@cepiplaw.com> wrote:

Rachael,

We're amenable to working with you on this.  Can you draft up something you have in mind, so I can run it past Geotag?

In the mean time, perhaps we should get NDA's signed with your other clients and proceed on that front.

John J. Edmonds



**CEPIP**

713.364.5291

**From:** Rachael Lamkin
**Sent:** Saturday, February 26, 2011 9:29 AM
**To:** John Edmonds
**Subject:** RE: license to the '474 Geotag patent

John,

I wonder if we can find a solution. My unnamed client is concerned that if the client signs the NDA, they will now be on your radar (and that client, as the provider, would have to be the one to sign the NDA).

Is it possible for me to sign the NDA representing absolute confidentiality for the terms of our discussion? If not, if I reveal my client, can you agree not to sue that client for some short period of time while we negotiate, say 60 days?

We would very much like to work out a license agreement but are concerned about the potential risks.

Let me know if we can work this out.

Rachael

Rachael D. Lamkin

Turner Boyd LLP
2570 W. El Camino Real, Ste. 380

Mountain View, CA  94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

**From:** John Edmonds
**Sent:** Thursday, February 24, 2011 9:49 PM
**To:** Rachael Lamkin
**Subject:** RE: license to the '474 Geotag patent

Rachel,

Thanks for your email. Sorry for the slow response. I've been out of town in depositions for most of this week.

Geotag would be happy to discuss potential licenses with your clients. Geotag's SOP is to conduct such discussions under the auspices of a Rule

408/Non-disclosure agreement. A proposed agreement is attached for your clients' consideration. With a signed agreement in place, we can schedule a call at your convenience.

John J. Edmonds



713.364.5291

---

**From:** Rachael Lamkin
**Sent:** Monday, February 21, 2011 1:20 PM
**To:** John Edmonds
**Subject:** license to the '474 Geotag patent

Mr. Edmonds,

At your earliest convenience, I would like to discuss taking a license to Geotag's '474 patent. We represent 11 named defendants in those litigations and an unnamed provider.

Please call me at my cell below.

Best regards,

Rachael

Rachael D. Lamkin

Turner Boyd LLP
2570 W. El Camino Real, Ste. 380

Mountain View, CA  94040

916-747-6091 (cell)
650-472-8028 (fax)

# EXHIBIT B(7)

| From: | Rachael Lamkin |
|---|---|
| To: | John Edmonds |
| Subject: | RE: license to the "474 Geotag patent |
| Date: | Tuesday, March 08, 2011 3:34:39 PM |
| Attachments: | Geotag - Rule 408 NDA Confidentialty Agreement 030111.doc |

John,

The client has approved of this NDA.  Let me know when can.

Rachael
Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA 94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

**From:** John Edmonds
**Sent:** Tuesday, March 01, 2011 8:53 AM
**To:** Rachael Lamkin
**Subject:** RE: license to the '474 Geotag patent

Rachael,

We're amenable to working with you on this.  Can you draft up something you have in mind, so I can run it past Geotag?

In the mean time, perhaps we should get NDA's signed with your other clients and proceed on that front.

John J. Edmonds



713.364.5291

**From:** Rachael Lamkin
**Sent:** Saturday, February 26, 2011 9:29 AM
**To:** John Edmonds
**Subject:** RE: license to the '474 Geotag patent

John,

I wonder if we can find a solution. My unnamed client is concerned that if the client signs the NDA, they will now be on your radar (and that client, as the provider, would have to be the one to sign the NDA).

Is it possible for me to sign the NDA representing absolute confidentiality for the terms of our discussion?  If not, if I reveal my client, can you agree not to sue that client for some short period of time while we negotiate, say 60 days?

We would very much like to work out a license agreement but are concerned about the potential risks.

Let me know if we can work this out.

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA 94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

**From:** John Edmonds
**Sent:** Thursday, February 24, 2011 9:49 PM
**To:** Rachael Lamkin
**Subject:** RE: license to the '474 Geotag patent

Rachel,

Thanks for your email. Sorry for the slow response. I've been out of town in depositions for most of this week.

Geotag would be happy to discuss potential licenses with your clients. Geotag's SOP is to conduct such discussions under the auspices of a Rule 408/Non-disclosure agreement. A proposed agreement is attached for your clients' consideration. With a signed agreement in place, we can schedule a call at your convenience.

John J. Edmonds


**CEPIP**

713.364.5291

**From:** Rachael Lamkin
**Sent:** Monday, February 21, 2011 1:20 PM
**To:** John Edmonds
**Subject:** license to the '474 Geotag patent

Mr. Edmonds,

At your earliest convenience, I would like to discuss taking a license to Geotag's '474 patent. We represent 11 named defendants in those litigations and an unnamed provider.

Please call me at my cell below.

Best regards,

Rachael

Rachael D. Lamkin
Turner Boyd LLP

2570 W. El Camino Real, Ste. 380
Mountain View, CA  94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

# EXHIBIT B(8)

| From: | Rachael Lamkin |
|---|---|
| To: | John Edmonds |
| Subject: | Where2GetIt DJ in Delaware |
| Date: | Tuesday, March 15, 2011 8:52:42 PM |

John,

In order to facilitate license negotiations but still protect my client, we filed but have not served a DJ in Delaware. Since we are not serving Geotag yet, I have not attached the Complaint but am happy to send to you upon request.

We have done a thorough non-infringement analysis and believe our product does not infringe but are still willing to discuss a license as long as it makes economic sense.

Please let me know when you are available to discuss.

Regards,

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA 94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

**From:** John Edmonds
**Sent:** Tuesday, March 01, 2011 8:53 AM
**To:** Rachael Lamkin
**Subject:** RE: license to the '474 Geotag patent

Rachael,

We're amenable to working with you on this. Can you draft up something you have in mind, so I can run it past Geotag?

In the mean time, perhaps we should get NDA's signed with your other clients and proceed on that front.

John J. Edmonds

**CEPIP**

713.364.5291

**From:** Rachael Lamkin
**Sent:** Saturday, February 26, 2011 9:29 AM
**To:** John Edmonds
**Subject:** RE: license to the '474 Geotag patent

John,

I wonder if we can find a solution. My unnamed client is concerned that if the client signs the NDA, they will now be on your radar (and that client, as the provider, would have to be the one to sign the NDA).

Is it possible for me to sign the NDA representing absolute confidentiality for the terms of our discussion? If not, if I reveal my client, can you agree not to sue that client for some short period of time while we negotiate, say 60 days?

We would very much like to work out a license agreement but are concerned about the potential risks.

Let me know if we can work this out.

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA   94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

**From:** John Edmonds
**Sent:** Thursday, February 24, 2011 9:49 PM
**To:** Rachael Lamkin
**Subject:** RE: license to the '474 Geotag patent

Rachel,

Thanks for your email. Sorry for the slow response. I've been out of town in depositions for most of this week.

Geotag would be happy to discuss potential licenses with your clients. Geotag's SOP is to conduct such discussions under the auspices of a Rule 408/Non-disclosure agreement. A proposed agreement is attached for your clients' consideration. With a signed agreement in place, we can schedule a call at your convenience.

John J. Edmonds

713.364.5291

**From:** Rachael Lamkin
**Sent:** Monday, February 21, 2011 1:20 PM
**To:** John Edmonds
**Subject:** license to the '474 Geotag patent

Mr. Edmonds,

At your earliest convenience, I would like to discuss taking a license to Geotag's '474 patent. We represent 11 named defendants in those litigations and an unnamed provider.

Please call me at my cell below.

Best regards,

Rachael

Rachael D. Lamkin
Turner Boyd LLP
2570 W. El Camino Real, Ste. 380
Mountain View, CA  94040

916-747-6091 (cell)
650-472-8028 (fax)
Lamkin@turnerboyd.com
www.turnerboyd.com

EXHIBIT B(9)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

GEOTAG, INC.

       PLAINTIFF,

      v.

WHERE 2 GET IT, INC.;
CARHARTT, INC.;
CFA PROPERTIES, INC.;
CHICK-FIL-A, INC.;
COLUMBIA SPORTSWEAR COMPANY;
COLUMBIA SPORTSWEAR NORTH
AMERICA, INC.;
COLUMBIA SPORTSWEAR USA CORP.;
JO-ANN STORES, INC.;
JOANN.COM, LLC;
LA-Z-BOY, INC.;
MIELE, INC.;
MONSTER CABLE PRODUCTS, INC.;
PATAGONIA, INC.;
REACHOUTSIDE, LLC.;
SEIKO CORPORATION OF AMERICA
D/B/A SEIKO USA;
SEIKO INSTRUMENTS INC.;
SEIKO WATCH CORP.;
SPATIALPOINT LLC;
TCF CO. LLC;
THE CHEESECAKE FACTORY INC.;
VICTORINOX RETAIL USA, INC.;
VICTORINOX SWISS ARMY, INC.;
VICTORINOX STORES, INC.;
VIEWSONIC CORP.;
WAL-MART STORES, INC.; AND
WEB LOGIC MEDIA, INC.

       DEFENDANTS.

NO. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff GEOTAG, INC. files this Complaint against the Defendants named herein,

namely WHERE 2 GET IT, INC.; CARHARTT, INC.; CFA PROPERTIES, INC.; CHICK-FIL-

A, INC.; COLUMBIA SPORTSWEAR COMPANY; COLUMBIA SPORTSWEAR NORTH AMERICA, INC.; COLUMBIA SPORTSWEAR USA CORP.; JO-ANN STORES, INC.; JOANN.COM, LLC; LA-Z-BOY, INC.; MIELE, INC.; MONSTER CABLE PRODUCTS, INC.; PATAGONIA, INC.; REACHOUTSIDE, LLC.; SEIKO CORPORATION OF AMERICA D/B/A SEIKO USA; SEIKO INSTRUMENTS INC.; SEIKO WATCH CORP.; SPATIALPOINT LLC; TCF CO. LLC; THE CHEESECAKE FACTORY INC.; VICTORINOX RETAIL USA, INC.; VICTORINOX SWISS ARMY, INC.; VICTORINOX STORES, INC.; VIEWSONIC CORP.; WAL-MART STORES, INC. and WEB LOGIC MEDIA, INC. (collectively "Defendants"), as follows:

## PARTIES

1.      Plaintiff GEOTAG, INC. ("GEOTAG" or "Plaintiff") has a place of business in Plano, Texas.

2.      On information and belief, Defendant WHERE 2 GET IT, INC. ("WHERE 2") has a place of business in Anaheim, California.

3.      On information and belief, Defendant CARHARTT, INC. ("CARHARTT") has a place of business in Dearborn, Michigan.

4.      On information and belief, Defendant CFA PROPERTIES, INC. has a place of business in Atlanta, Georgia.

5.      On information and belief, Defendant CHICK-FIL-A, INC. has a place of business in Atlanta, Georgia.  Hereinafter, CFA PROPERTIES, INC. and CHICK-FIL-A, INC. are collectively referred to as "CHICK-FIL-A."

6.      On information and belief, Defendant COLUMBIA SPORTSWEAR COMPANY has a place of business in Portland, Oregon.

7.    On information and belief, Defendant COLUMBIA SPORTSWEAR NORTH AMERICA, INC. has a place of business in Portland, Oregon.

8.    On information and belief, Defendant COLUMBIA SPORTSWEAR USA CORP. has a place of business in Portland, Oregon.  Hereinafter, COLUMBIA SPORTSWEAR , COLUMBIA SPORTSWEAR NORTH AMERICA, INC. and COLUMBIA SPORTSWEAR USA CORP. are collectively referred to as "COLUMBIA."

9.    On information and belief, Defendant JO-ANN STORES, INC. has a place of business in Hudson, Ohio.

10.    On information and belief, Defendant JOANN.COM, LLC has a place of business in Hudson, Ohio.  Hereinafter, JO-ANN STORES, INC. and JOANN.COM, LLC are collectively referred to as "JOANN."

11.    On information and belief, Defendant LA-Z-BOY, INC. ("LA-Z-BOY") has a place of business in Monroe, Michigan.

12.    On information and belief, Defendant MIELE, INC. ("MIELE") has a place of business in Princeton, New Jersey.

13.    On information and belief, Defendant MONSTER CABLE PRODUCTS, INC. ("MONSTER CABLE") has a place of business in Brisbane, California.

14.    On information and belief, Defendant PATAGONIA, INC. ("PATAGONIA") has a place of business in Ventura, California.

15.    On information and belief, Defendant REACHOUTSIDE, LLC ("REACHOUTSIDE") has a place of business in Slippery Rock, Pennsylvania.

16.    On information and belief, Defendant SEIKO CORPORATION OF AMERICA D/B/A SEIKO USA has a place of business in Mahwah, New Jersey.

3

17.     On information and belief, Defendant SEIKO INSTRUMENTS INC. has a place of business in Mahwah, New Jersey.

18.     On information and belief, Defendant SEIKO WATCH CORP. has a place of business in Mahwah, New Jersey.  Hereinafter, SEIKO CORPORATION OF AMERICA D/B/A SEIKO USA, SEIKO INSTRUMENTS INC. and SEIKO WATCH CORP. are collectively referred to as "SEIKO."

19.     On information and belief, Defendant SPATIALPOINT LLC ("SPATIALPOINT") has a place of business in Des Plaines, Illinois.

20.     On information and belief, Defendant TCF CO. LLC has a place of business in Calabasas Hills, California.

21.     On information and belief, Defendant THE CHEESECAKE FACTORY INC. has a place of business in Calabasas Hills, California.  Hereinafter, TCF CO. LLC and THE CHEESECAKE FACTORY INC. are collectively referred to as "CHEESECAKE FACTORY."

22.     On information and belief, Defendant VICTORINOX RETAIL USA, INC. has a place of business in Monroe, Connecticut.

23.     On information and belief, Defendant VICTORINOX SWISS ARMY, INC. has a place of business in Monroe, Connecticut.

24.     On information and belief, Defendant VICTORINOX STORES, INC. has a place of business in Monroe, Connecticut.  Hereinafter VICTORINOX RETAIL USA, INC., VCTORINOX SWISS ARMY, INC. and VICTORINOX STORES, INC. are collectively referred to as "VICTORINOX."

25.     On information and belief, Defendant VIEWSONIC CORP. ("VIEWSONIC") has a place of business in Walnut, California.

26.     On information and belief, Defendant WAL-MART STORES, INC. ("WAL-MART")  has a place of business in Bentonville, Arkansas.

27.     On information and belief, Defendant WEB LOGIC MEDIA, INC. ("WEB LOGIC") has a place of business in Fort Worth, Texas.

## JURISDICTION AND VENUE

28.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or accessible in this forum.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

29.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  Without limitation, on information and belief, Defendants are subject to personal jurisdiction in this district. On information and belief, the Defendants are subject to this Court's specific and general personal jurisdiction in this district, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this district, including related to the infringements alleged herein.  Further, on information and belief, Defendants have interactive websites comprising infringing methods and apparatuses which are at least used in and/or

5

accessible in this district. Further, on information and belief, Defendants are subject to the Court's general jurisdiction in this district, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in this district.

30. Further, venue of this action is appropriate and convenient because this Court previously heard a parallel action for infringement of the same '474 patent in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.,* Civil Action No. 2:06-CV-00475-CE ("the Geomas Lawsuit"). In the Geomas Lawsuit this Court considered and construed the terms and claims of the '474 patent, as set forth in the Court's Memorandum Opinion and Order issued on November 20, 2008.

<u>**COUNT I**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 5,930,474**</u>

1. United States Patent No. 5,930,474 (the "'474 patent"), entitled "Internet Organizer for Accessing Geographically and Topically Based Information," duly and legally issued on July 27, 1999.

2. GEOTAG is the assignee of the '474 Patent and it has standing to bring this lawsuit for infringement of the '474 Patent.

3. The claims of the '474 Patent cover, *inter alia,* systems and methods which comprise associating on-line information with geographic areas, such systems and methods comprising computers, an organizer, and a search engine configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area.

6

4.     On information and belief, all Defendants named herein have infringed the '474 patent pursuant to 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.

5.     On information and belief, WHERE 2 has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise its Business Locator and Product Locator.

6.     On information and belief, CARHARTT has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making and using in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Find a Retailer at www.carhartt.com.

7.     On information and belief, CHICK-FIL-A has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.  On information and belief, such systems and methods comprise the Restaurant Locator at www.chick-fil-a.com.

8.      On information and belief, COLUMBIA has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Find a Store at www.columbia.com.

9.      On information and belief, JOANN has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.joann.com and http://hosted.where2getit.com/joann.

10.     On information and belief, LA-Z-BOY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On information and belief, such systems and methods comprise the Store Locator at www.la-z-boy.com.

11.     On information and belief, MIELE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent.   On

information and belief, such systems and methods comprise the Dealer Locator at www.mieleusa.com.

12. On information and belief, MONSTER CABLE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise Where to Buy at www.monstercable.com.

13. On information and belief, PATAGONIA has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.patagonia.com.

14. On information and belief, REACHOUTSIDE has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise Geosprawl Locator Software.

15. On information and belief, SEIKO has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with

geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Locator at www.seikousa.com.

16.    On information and belief, SPATIALPOINT has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise its Store Locator and Dealer Locator Software.

17.    On information and belief, CHEESECAKE FACTORY has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the restaurant locator (i.e., Locations) at www.thecheesecakefactory.com.

18.    On information and belief, VICTORINOX has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise Where to Buy at www.swissarmy.com.

19.    On information and belief, VIEWSONIC has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or

offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Find a Reseller at www.viewsonic.com.

20. On information and belief, WAL-MART has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and/or offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise the Store Finder at www.walmart.com.

21. On information and belief, WEB LOGIC has infringed the '474 patent in violation of 35 U.S.C. § 271 through actions comprising the making, using, selling and offering for sale in the United States systems and methods which comprise associating on-line information with geographic areas and which are covered by one or more claims of the '474 patent. On information and belief, such systems and methods comprise Ultimate Locator Software.

22. On information and belief, to the extent WHERE 2, REACHOUTSIDE, SPATIALPOINT LLC and/or WEB LOGIC continue to infringe the '474 patent after receiving notice of the '474 patent, including at a minimum from this lawsuit, then such infringement, including by making, using, selling and/or offering for sale the accused instrumentalities noted above, would necessarily comprise intentionally inducing others, including their customers and/or users, to infringe the '474 patent, including by making and/or using such accused instrumentalities.

11

23.     On information and belief, to the extent WHERE 2, REACHOUTSIDE, SPATIALPOINT LLC and/or WEB LOGIC continue to infringe the '474 patent after receiving notice of the '474 patent, including by making, using, selling and/or offering for sale the accused instrumentalities noted above, then such infringement would necessarily comprise contributing to the infringement by others, including their customers and/or users, including by making and/or using such accused instrumentalities.  On information and belief, such Defendants would know that such instrumentalities are, at a minimum, especially made or especially adapted for use in an infringement of the '474 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

24.     As a result of Defendants' infringing conduct, Defendants have damaged GEOTAG. Defendants are liable to GEOTAG in an amount that adequately compensates GEOTAG for their infringement, which, by law, can be no less than a reasonable royalty.

25.     To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been willful, GEOTAG reserves the right to request such a finding at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, GEOTAG respectfully requests that this Court enter:

1.     A judgment in favor of GEOTAG that Defendants have infringed the '474 patent;

2.     A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '474 patent;

3.      A judgment and order requiring Defendants to pay GEOTAG its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '474 patent as provided under 35 U.S.C. § 284;

4.      An award to GEOTAG for enhanced damages as provided under 35 U.S.C. § 284;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to GEOTAG its reasonable attorneys' fees; and

6.      Any and all other relief to which GEOTAG may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, GEOTAG requests a trial by jury of any issues so triable by right.


March 15, 2011                                   Respectfully submitted,

                                                 GEOTAG, INC.

                                                 By: /s/ *John J. Edmonds*
                                                 John J. Edmonds – Lead Counsel
                                                 Texas Bar No. 789758
                                                 Michael J. Collins
                                                 Texas Bar No. 4614510
                                                 Stephen F. Schlather
                                                 Texas Bar No. 24007993
                                                 COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                 1616 S. Voss Road, Suite 125
                                                 Houston, Texas 77057
                                                 Telephone: (281) 501-3425
                                                 Facsimile: (832) 415-2535
                                                 jedmonds@cepiplaw.com
                                                 mcollins@cepiplaw.com
                                                 sschlather@cepiplaw.com

                                                 Charles van Cleef
                                                 COOPER & VAN CLEEF, PLLC
                                                 500 N Second St.
                                                 Longview, TX 75601
                                                 (903) 248-8244

(903) 248-8249 fax
charles@coopervancleef.com

ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.

14