IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WHERE 2 GET IT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEOTAG, INC., <br><br> Defendant. | Civil Action No. 1:11-cv-00223-GMS <br><br> **JURY TRIAL DEMANDED** |

**DECLARATION OF MANISH PATEL IN SUPPORT OF PLAINTIFF WHERE 2 GET IT, INC.'S OPPOSITION TO MOTION TO DISMISS OR TRANSFER**

I, Manish Patel, declare as follows:

1. My name is Manish Patel. I make this declaration based on my personal knowledge of the facts described below.

2. If called upon to testify in this matter, I will confirm that the facts described in this declaration are true and correct.

3. I am the founder and CEO of Where2GetIt, Inc. I have held this position since I started the company.

4. Where2GetIt provides best-in-class search locator, product locator and other location based online search solutions for our customers. For example, Where2GetIt provides mapping tools that customers use in connection with their websites to allow potential consumers to find the most convenient store location.

5. As an example, Michaels Stores is a customer of Where2GetIt and has been a customer since prior to December 2010. In December 2010, Michaels utilized Where2GetIt's technology for its "Find a Store" feature of Michaels Stores' website. Using that Where2GetIt technology, maps and location information appeared just as shown below, including the identifier "Mapping Locator **Powered by Where2getit**."



6. I first became aware of the lawsuits filed by GeoTag, Inc. in the United States District Court for the Eastern District of Texas against several Where2GetIt customers in or around January 2011. In addition, several of those customers also inquired about indemnification issues around that same time.

7. On or around March 1, 2011, I became aware that Microsoft and Google filed a Declaratory Judgment Action against GeoTag in this District.

8. Attached as Exhibit 1 is a true correct and copy of a draft Non-Disclosure Agreement received by Where2GetIt's prior counsel from GeoTag's counsel on or around February 24, 2011.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      June 20, 2011

                                              Manish Patel
                                              Chief Executive Officer
                                              Where 2 Get It, Inc.

13489996v.1

# Exhibit 1

CONFIDENTIALITY AGREEMENT

This agreement confirms that Geotag, Inc. and ▮▮▮▮▮▮▮▮▮▮ (collectively the "parties") have agreed to engage in settlement communications relative to their pending litigation involving U.S. Patent No. 5,930,474 in the U.S. District Court for the Eastern District of Texas. We believe it to be in each party's interest if all settlement communications are maintained in strict confidence. Accordingly, this agreement confirms that, in addition to the limitations provided for by Fed. R. Evid. 408, all of the parties' settlement communications will be kept confidential as to the parties, and will not be disclosed to any third-parties except as required by law. The parties further acknowledge that matters communicated during such settlement communications cannot be used for any purpose other than potential settlement.

Nothing in this agreement prohibits a party from using its own factual information (e.g., prior art or financial information) as the lawsuit progresses, even if such information is disclosed during settlement communications.

In witness of the agreement and consent to each of the above terms, the respective parties have affixed their signatures to this document, which may be executed in counterparts.

Geotag, Inc.

_____   (Date) _____
Name:
_____
Title

▮▮▮▮▮

_____   (Date) _____
Name:
_____
Title: