**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WHERE 2 GET IT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEOTAG, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 11-223-GMS |

**MEMORANDUM OF LAW IN SUPPORT OF THE NIELSEN COMPANY (US), LLC
AND WILKE THORNTON, INC.'S MOTION TO INTERVENE**

OF COUNSEL:

Gregory L. Lippetz (154228)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:  (650) 739-3939
Facsimile:   (650) 739-3900
E-mail:  glippetz@jonesday.com

*Counsel for Intervenor-Plaintiffs*


Mary R. True (0046880)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH  43215
Phone:  (614) 227-4873
Facsimile:  (614) 227-2390
E-mail:  mtrue@bricker.com

*Counsel for  Intervenor-Plaintiffs*

December 7, 2011

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Donald E. Reid*
Donald E. Reid (#1058)
1201 North Market Street, 18th Floor
P.O. Box 1347
Wilmington, DE  19899-1347
   *Attorneys for Intervenor-Plaintiffs*

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDING..............................................................2

III. SUMMARY OF THE ARGUMENT ...................................................................................3

IV. STATEMENT OF FACTS ...................................................................................................3

V. ARGUMENT........................................................................................................................6

    A. NIELSEN AND WTI SHOULD BE ALLOWED TO INTERVENE TO PROTECT THEIR PRODUCT AND CUSTOMERS FROM GEOTAG'S MERITLESS INFRINGEMENT CLAIMS..............................................................6

        1. WTI and Nielsen's Request for Declaratory Judgment Relief Provides an Independent Basis for Subject Matter Jurisdiction ................................7

        2. WTI and Nielsen's Motion to Intervene is Timely ...................................8

        3. The Declaratory Relief Sought By Nielsen and WTI Shares Common Questions of Law and Fact With the Instant Action...................................8

        4. Intervention Will not Delay or Prejudice the Parties at this Early Stage.....9

VI. CONCLUSION...................................................................................................................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alfred Hofmann, Inc. v. Knitting Machines Corp.*,
   123 F.2d 458 (3d Cir. 1941) .................................................................................................7

*Arris Group, Inc. v. British Telecomms. PLC*,
   No. 2010-1292, 2011 WL 1899112 (Fed. Cir. May 19, 2011) ..................................................7

*Honeywell Int'l Inc. v. Audiovox Comms. Corp.*,
   Nos. 04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005) ........................................................................................................................8

*Hyland v. Harrison*,
   No. 05-162-JJF, 2006 WL 288247 (D. Del. Feb. 7, 2006) ..................................................6, 8

*Lemelson v. Larmi Corp.*,
   No. 80CIV6081(CES), 1981 WL 319072 (S.D.N.Y. Mar. 23, 1981) ....................................10

*LG Display Co. v. AU Optronics Corp.*,
   No. 06-726-LPS, 2010 U.S. Dist. LEXIS 137396 (D. Del. Dec. 29, 2010) ..............................7

*Nikon Corp. v. ASM Lithography B.V.*,
   222 F.R.D. 647 (N.D. Cal. 2004) .............................................................................................9

*UPS Worldwide Forwarding, Inc. v. U.S. Postal Service*,
   853 F. Supp. 800 (D. Del. 1994), *rev'd on other grounds*, 66 F.3d 621 (3d Cir. 1995) ............9

**STATUTES**

28 U.S.C. § 2201 ............................................................................................................................7

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 24(b) ................................................................................. passim

I.      INTRODUCTION

The Nielsen Company (US), LLC ("Nielsen") and Wilke Thornton, Inc. ("WTI") respectfully submit this memorandum of law in support of their joint motion to intervene as plaintiffs in the above-captioned declaratory judgment action pursuant to Federal Rule of Civil Procedure 24(b)(1)(B).

Like the named plaintiff in this action, Where 2 Get It, Inc. ("W2GI"), Nielsen and WTI have developed and offer a system that provides store locator functionality to a customer's website, allowing website visitors to see the locations of retail stores that sell the customer's products within a certain geographical area. And, like W2GI, Nielsen and WTI's customers have also been accused by defendant, GeoTag, Inc. ("GeoTag"), of infringing U.S. Patent No. 5,930,474 ("the '474 Patent") based on their use of the locator system.

GeoTag's strategy with respect to the '474 Patent has been to accuse any and all technologies that display the location of an item such as a product or store based on geographical criteria, and Nielsen and WTI's system has not escaped GeoTag's accusations. Though only two of Nielsen and WTI's customers have been sued by GeoTag to date, the risk of suit against many more customers is imminent. Indeed, GeoTag first filed suit in the Eastern District of Texas in July 2010, but has serially filed more than a dozen additional lawsuits, the latest of which was filed in September 2011 (collectively, "the Texas Actions"). The total number of defendants in the Texas Actions now stands at over 300, and there has been no indication that GeoTag will stop filing additional lawsuits anytime soon. Nielsen and WTI are indemnifying their customers in the Texas Actions and must now take action to protect their interests before additional suits are filed by GeoTag implicating Nielsen and WTI's customers.

In order to protect their interests and the interests of their customers, Nielsen and WTI therefore seek a declaratory judgment that the '474 Patent is invalid and not infringed by their

product locator system. In this action, W2GI has already sought a declaratory judgment that the '474 Patent is invalid and not infringed by the W2GI product locator system and, thus, many of the same issues will be decided by this Court. Accordingly, rather than filing a separate suit against GeoTag, Nielsen and WTI seek permission to intervene in this action, thereby conserving judicial resources and avoiding the risk of inconsistent judgments. W2GI consents to Nielsen and WTI intervening as plaintiffs in this action.

Nielsen and WTI's motion to intervene meets the standard for permissive intervention set forth by Federal Rule of Civil Procedure 24(b) and there is no reason why the Court should not grant them permission to intervene as plaintiffs in this case.

## II.   NATURE AND STAGE OF THE PROCEEDING

On March 14, 2011, Plaintiff W2GI filed this action seeking a declaratory judgment that the '474 Patent is invalid and not infringed by certain of its products. (D.I. 1). On the very next day, GeoTag filed a complaint in the Eastern District of Texas accusing W2GI and several of its customers of infringing the '474 Patent. (*See,* Declaration of Gregory L. Lippetz ("Lippetz Decl."), Ex. A at 6).

Pending before the Court is GeoTag's May 20, 2011 motion to dismiss the instant action or, in the alternative, to transfer venue to the Eastern District of Texas. (D.I. 11). W2GI opposed GeoTag's motion on June 20, 2011 (D.I. 14), GeoTag replied on July 7, 2011 (D.I. 17), and W2GI requested oral argument on the motion on July 14, 2011. (D.I. 19).

Nielsen and WTI now move for permission to intervene in this action as joint plaintiffs with W2GI, and seek a declaratory judgment that the '474 Patent is invalid and not infringed. If granted permission to intervene, Nielsen and WTI also intend to join W2GI's opposition to GeoTag's motion to dismiss.

**III.   SUMMARY OF THE ARGUMENT**

1. Nielsen and WTI have standing to seek declaratory judgment that their locator system does not infringe the '474 Patent and that the '474 Patent is invalid.

2. Nielsen and WTI should be permitted to intervene in this action because they have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

3. The facts regarding invalidity of GeoTag's '474 Patent in this action are the same facts that are relevant to Nielsen and WTI's request for a declaratory judgment that the '474 Patent is invalid.

4. The legal questions regarding construction of certain terms in the claims of the '474 Patent in this action are the same for Nielsen and WTI as they are for W2GI.

5. GeoTag has made identical allegations regarding infringement against both W2GI and Nielsen/WTI's product locator services.

6. Nielsen and WTI's request to intervene at this early stage in the litigation is timely, and intervention at such an early stage, before the start of discovery, will not unduly delay the proceedings and will not prejudice any of the parties, including GeoTag.

**IV.   STATEMENT OF FACTS**

GeoTag has sued more than 400 entities in over a dozen separate complaints for patent infringement in the U.S. District Court for the Eastern District of Texas, Marshall Division, including the following:

(1) *GeoTag, Inc. v. Frontier Comms. Corp.*, 2:10-cv-00265-DF (July 23, 2010);

(2) *GeoTag, Inc. v. Yellowpages.com LLC*, 2:10-cv-00272-DF (July 26, 2010);

(3) *GeoTag, Inc. v. Georgio Armani S.P.A.*, 2:10-cv-00569-DF (Dec. 17, 2010);

(4) *GeoTag, Inc. v. Aromatique Inc.*, 2:10-cv-00570-DF (Dec. 17, 2010);

(5) *GeoTag, Inc. v. Gucci Am. Inc.*, 2:10-cv-00571-DF (Dec. 17, 2010);

(6) *GeoTag, Inc. v. Starbucks Corp.*, 2:10-cv-00572-DF (Dec. 17, 2010);

(7) *GeoTag, Inc. v. Rent-A-Center Inc.*, 2:10-cv-00573-DF (Dec. 17, 2010);

(8) *GeoTag, Inc. v. The Western Union Co.*, 2:10-cv-00574-DF (Dec. 18, 2010);

(9) *GeoTag, Inc. v. Royal Purple Inc.*, 2:10-cv-00575-DF (Dec. 18, 2010);

(10) *GeoTag, Inc. v. Where 2 Get It Inc.*, 2:11-cv-00175-DF (Mar. 15, 2011);

(11) *GeoTag, Inc. v. Zoosk, Inc.*, 2:11-cv-00403-DF (Sept. 13, 2011);

(12) *GeoTag, Inc. v. Eye Care Ctrs. of Am.*, 2:11-cv-00404-DF (Sept. 13, 2011);

(13) *GeoTag, Inc. v. Circle K Stores, Inc.*, 2:11-cv-00405-DF (Sept. 13, 2011);

(14) *GeoTag, Inc. v. AMERCO*, 2:11-cv-00421-DF (Sept. 15, 2011);

(15) *GeoTag, Inc. v. 7-Eleven, Inc.,* 2:11-cv-00424-DF (Sept. 15, 2011);

(16) *GeoTag, Inc. v. Sunbelt Rentals, Inc.*, 2:11-cv-00425-DF (Sept. 15, 2011); and

(17) *GeoTag, Inc. v. Classified Ventures, LLC*, 2:11-cv-00426-DF (Sept. 15, 2011)

(collectively, "the Texas Actions").

The '474 Patent at issue in these lawsuits is entitled "Internet Organizer for Accessing Geographically and Topically Based Information," and claims systems and methods of "associating on-line information with geographic areas." (*See, e.g.*, Lippetz Decl., Ex. A at 6; Ex. D at 1; and Ex. E at 1.) Specifically, GeoTag alleges infringement based on search engines accused of being "configured to provide a geographical search area wherein at least one entry associated with a broader geographical area is dynamically replicated into at least one narrower geographical area, the search engine further configured to search topics within the selected geographical search area." (D.I. 87 at 6)  The infringement allegations are generally directed to the store and product locator features on the defendants' websites; these features allow

consumers to see the location of a given defendant's stores or products within a particular geographic area, such as a zip code. (*Id.* at 7-12 (accusing, for example, the "www.walmart.com" store locator and the "www.swissarmy.com" product locator).) Because these features "associate[e] on-line information with geographic areas," GeoTag alleges they infringe the '474 Patent. (*Id.*)

Nielsen and WTI have developed an online product locator system that is licensed for use on their customers' websites and allow website visitors to search for and display the location of stores that carry the customer's products. (*See,* Nielsen and WTI's Proposed Complaint for Declaratory Judgment ("Proposed Complaint"), at 2)(attached to the Motion as Exhibit 1.) Two of Nielsen and WTI's customers, Dr. Pepper Snapple Group, Inc. ("DPSG") and Church & Dwight Co., Inc. ("C&D"), have already been sued by GeoTag for infringement of the '474 Patent based on their respective use of Nielsen and WTI's online product locator. (Lippetz Decl. ¶3; Lippetz Decl., Ex. B at 16 (accusing DPSG of infringement based on "the Product Locator at www.drpeppersnapplegroup.com"); and Lippetz Decl., Ex. C at 20 (accusing C&D of infringement based on "the product finder at www.trojancondoms.com"). In these lawsuits, GeoTag likewise alleges infringement because the product locator systems used by DPSG and C&D "associat[e] on-line information with geographic areas." (*Id.*) Both customers have sought indemnification from Nielsen and WTI for the GeoTag lawsuits. (Proposed Complaint at 3.)

In addition to the instant declaratory judgment action, GeoTag is also the subject of a declaratory judgment action filed March 1, 2011 in the Delaware District Court captioned *Microsoft Corp. v. GeoTag, Inc.*, 1:11-cv-00175-RGA. In that action, Microsoft and Google seek a declaratory judgment that the '474 Patent is invalid and is not infringed by their respective mapping systems. (Complaint in D. Del. Case No. 1:11-175 at 1.) Many of the defendants in

GeoTag's Texas Actions are customers of Microsoft and Google and have been accused by GeoTag of infringing the '474 Patent based on their use of the Microsoft and Google mapping systems. GeoTag's infringement allegations in the Texas Actions have, therefore, "placed a cloud" on the online mapping systems of Microsoft and Google, prompting them to seek declaratory relief as in the instant action. (*Id.*) A similar "cloud" has been placed on WTI and Nielsen's product locator system and, thus, WTI and Nielsen jointly seek the Court's permission to intervene in the instant declaratory judgment action against GeoTag.

V. **ARGUMENT**

### A. NIELSEN AND WTI SHOULD BE ALLOWED TO INTERVENE TO PROTECT THEIR PRODUCT AND CUSTOMERS FROM GEOTAG'S MERITLESS INFRINGEMENT CLAIMS

Like W2GI, Nielsen and WTI have developed and license an online product locator system that has been accused of infringing the '474 Patent by GeoTag. Accordingly, Nielsen and WTI move to intervene in this declaratory judgment action to protect their online product locator business and their customers, some of whom have already been sued for infringement of the '474 Patent by GeoTag. *See* Fed. R. Civ. P. 24(b)(1); *Hyland v. Harrison*, No. 05-162-JJF, 2006 WL 288247, at *6 (D. Del. Feb. 7, 2006) (finding permissive intervention appropriate when the intervening action is based on the same circumstances as the underlying case and "seeks substantially the same relief").

Federal Rule of Civil Procedure 24(b) provides, in relevant part:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Accordingly, "[t]o establish that intervention is warranted under Rule 24(b), the intervenor must demonstrate: (1) an independent basis for subject matter jurisdiction; (2) a timely motion; and (3)

a claim or defense that has a common question of law or fact with the primary litigation." *LG Display Co. v. AU Optronics Corp.*, No. 06-726-LPS, 2010 U.S. Dist. LEXIS 137396, at *5 (D. Del. Dec. 29, 2010). Finally, as the Rule itself suggests, intervention must not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

### 1. Nielsen and WTI's Request for Declaratory Judgment Relief Provides an Independent Basis for Subject Matter Jurisdiction

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides the independent basis for subject matter jurisdiction underlying movants' motion to intervene. Under the Act, Nielsen and WTI seek a declaratory judgment that the '474 Patent is invalid and is not infringed by their online product locator system. This relief is necessary because GeoTag has sued more than 400 defendants in the Texas Actions, claiming infringement of the '474 Patent based on online product and store locator features offered on each party's website. DPSG and C&D are two of the 400 defendants in the Texas Actions, and stand accused of infringing the '474 Patent based on the online product locator feature of their websites (*see, e.g.*, http://www.drpeppersnapplegroup.com/locator), which is the product locator developed and licensed by Nielsen and WTI.

The patent infringement allegations against Nielsen and WTI's customers have placed a cloud on the product locator system and caused customers to seek indemnification from Nielsen and WTI, thereby creating a justiciable controversy between Nielsen, WTI, and GeoTag. *See, e.g.*, *Arris Grp., Inc. v. British Telecomms. PLC*, No. 2010-1292, 2011 WL 1899112 (Fed. Cir. May 19, 2011) (finding justiciable controversy arises when a plaintiff's customer is sued, and the plaintiff's product is a "material" part of the accused system); *Alfred Hofmann, Inc. v. Knitting Machines Corp.*, 123 F.2d 458, 461 (3d Cir. 1941) (finding a justiciable controversy exists where

a patent owner threatens a plaintiff's customers). (*See also* Proposed Complaint at 2)(setting forth the jurisdictional basis for Nielsen and WTI's complaint for declaratory judgment).

### 2. Nielsen and WTI's Motion to Intervene is Timely

W2GI filed its complaint in this action on March 14, 2011. Discovery has not yet commenced, and GeoTag has only filed a motion to dismiss as an answer to the complaint. (D.I. 11.) The motion to dismiss is still pending, discovery has not begun, and a scheduling order has not issued.

Accordingly, intervention at this stage of the litigation is necessarily timely and will not delay the case or prejudice any of the parties. *See, e.g., Hyland v. Harrison*, No. 05-162-JJF, 2006 WL 288247 (D. Del. Feb. 7, 2006) (finding motion to intervene timely where a motion to dismiss had been fully briefed and one order had been entered concerning the appointment of lead plaintiffs and lead counsel); *Honeywell Int'l Inc. v. Audiovox Comms. Corp.*, Nos. 04-1337-KAJ, 04-1338-KAJ, 04-1536-KAJ, 2005 WL 2465898, at *4 (D. Del. May 18, 2005) (finding motion to intervene timely because "discovery has not even begun in the case and case management issues are only now being addressed").

### 3. The Declaratory Relief Sought By Nielsen and WTI Shares Common Questions of Law and Fact With the Instant Action

This case and the declaratory judgment action proposed by Nielsen and WTI unquestionably share common questions of law and fact. GeoTag has alleged that W2GI and its customers infringe the '474 Patent, and GeoTag has brought nearly identical infringement actions against two of WTI and Nielsen's customers using the product locator system. W2GI seeks to protect its search products and the rights of its customers to use those products on their websites by proving that GeoTag's patent is invalid and not infringed, which is the exact relief Nielsen and WTI seek against GeoTag. The declaratory relief sought by Nielsen and WTI

necessarily implicates several common questions of fact and law with the instant action, including questions concerning construction of the '474 Patent claim terms and whether the '474 Patent is valid in view of the prior art. As for infringement issues, GeoTag recently served nearly identical infringement contentions against W2GI and Nielsen/WTI's customer, Church & Dwight, in the Texas Actions. (*See* Lippetz Decl., Ex. D, infringement contentions against W2GI; and Ex. E, infringement contentions against C&D). With respect to claim 1, for example, GeoTag alleges that both the W2GI and Nielsen/WTI systems are organized geographically by "state" and/or "zip code" (Lippetz Decl., Ex. D at 3-4; and Ex. E at 2), further organized topically by "distance to store" (Lippetz Decl., Ex. D at 5-6; and Ex. E at 4), and contain a search engine that searches "geographically" and "topically" (Lippetz Decl., Ex. D at 7-8; and Ex. E at 6). GeoTag also presents nearly identical contentions against the W2GI and Nielsen/WTI systems for the remaining claim limitations.

Therefore, Nielsen and WTI have "a legal interest which is clearly related, if not identical, to the main action." *UPS Worldwide Forwarding, Inc. v. U.S. Postal Service*, 853 F. Supp. 800, 807 (D. Del. 1994), *rev'd on other grounds*, 66 F.3d 621 (3d Cir. 1995).

### 4. Intervention Will not Delay or Prejudice the Parties at this Early Stage

Finally, allowing Nielsen and WTI to intervene will not unduly delay the action or prejudice any of the parties, including GeoTag. Nielsen and WTI have filed their motion early in the litigation, before discovery has commenced or a scheduling order has issued. *See, e.g.*, *Nikon Corp. v. ASM Lithography B.V.*, 222 F.R.D. 647, 649 (N.D. Cal. 2004) (motion for permissive intervention granted even though discovery was underway). Since intervention by Nielsen and WTI will not delay adjudication of the plaintiff, W2GI's claims in this case, there is no prejudice; indeed, W2GI has consented to intervention by Nielsen and WTI. (Lippetz Decl. ¶7).

There is also no prejudice to defendant GeoTag.  As opposed to prejudicing GeoTag, Nielsen and WTI's intervention in this case will afford GeoTag the opportunity to consolidate the litigation of a patent dispute that is clearly ripe given GeoTag's earlier suits against customer-users of the Nielsen/WTI product locator system.  Rather than have to defend itself in two separate declaratory judgment actions, GeoTag will save costs by litigating the substantially similar claims regarding the same patent in one proceeding.  *See, e.g.*, *Lemelson v. Larmi Corp.*, No. 80CIV6081(CES), 1981 WL 319072, at *1 (S.D.N.Y. Mar. 23, 1981) (consolidating claims by multiple parties in one case achieves "the benefit of fully and finally determining virtually identical claims in one proceeding").

## VI.   CONCLUSION

For each of the foregoing reasons, Nielsen and WTI have established that intervention is warranted under Rule 24(b), and the Court should grant the motion allowing Nielsen and WTI to intervene in this matter and challenge GeoTag's infringement claims against the WTI/Nielsen product locator system, as well as the validity of the '474 Patent.

                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                        */s/ Donald E. Reid*
                        Donald E. Reid (#1058)
                        1201 North Market Street, 18th Floor
                        P.O. Box 1347
                        Wilmington, DE  19899-1347
                           *Attorneys for Intervenor-Plaintiffs*

OF COUNSEL:

Gregory L. Lippetz (154228)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:  (650) 739-3939
Facsimile:  (650) 739-3900
E-mail:  glippetz@jonesday.com

*Counsel for Intervenor-Plaintiffs*

Mary R. True (0046880)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH  43215
Phone:  (614) 227-4873
Facsimile:  (614) 227-2390
E-mail:  mtrue@bricker.com

*Counsel for Intervenor-Plaintiffs*

December 7, 2011

4642873.1

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2011, the foregoing was caused to be served upon the following counsel of record via CM/ECF:

>Stamatios Stamoulis
>Richard Charles Weinblatt
>Stamoulis & Weinblatt LLC
>Two Fox Point Centre
>6 Denny Road, Suite 307
>Wilmington, Delaware  19809
>
>Brian E. Farnan
>919 North Market Street, 12th Floor
>Wilmington, DE 19801
>
>Kenneth Laurence Dorsney
>Morris James LLP
>500 Delaware Avenue, Suite 1500
>P.O. Box 2306
>Wilmington, DE  19899-2306

>>/s/ Donald E. Reid
>>Donald E. Reid (#1058)