# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WHERE 2 GET IT, INC.,  )<br>  )<br>    Plaintiffs,  )<br>  )<br>    - vs. -  )<br>  )<br>GEOTAG, INC.,  )<br>  )<br>    Defendant.  )<br>  )<br>  ) | C.A. No. 11-223-RGA |

## DEFENDANT'S RESPONSE TO THE MOTION TO INTERVENE OF NIELSEN COMPANY (US), LLC AND WILKE THORNTON, INC.

Kenneth L. Dorsney (Bar No. 3276)
Mary B. Matterer (Bar No. 2696)
MORRIS JAMES LLP
500 Delaware Ave., Ste. 1500
Wilmington, DE 19801
(302) 888-6960
kdorsney@morrisjames.com

Of Counsel:
John J. Edmonds
Michael J. Collins
Stephen F. Schlather
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

December 29, 2011

COUNSEL FOR DEFENDANT
GEOTAG INC.

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ................................................................................................1

FACTUAL BACKGROUND..................................................................................................2

ARGUMENT ...........................................................................................................................4

       A.      The Legal Standard for Permissive Intervention. ........................................4

       B.      The Motion to Intervene Should be Denied Because the Proposed Intervenors Have Not Established Independent Jurisdiction Relating to Their Claims Against Geotag. ...................................................6

       C.      The Proposed Intervenors Cannot Properly be Joined as Plaintiffs in this Action Because Their Claims Do Not Arise Out of the Same Transaction or Occurrence as Plaintiff W2GI's Claims. ...........................10

CONCLUSION.......................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**                                                                                                                                                      **Page**

*Androphy v. Smith & Nephew, Inc.*,
31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) .................................................................................. 11

*Brody v. Spang*,
957 F.2d 1108 (3d Cir. 1992) ............................................................................................. 4, 8

*Coughlin v. Rogers*,
130 F.3d 1348 (9th Cir. 1997) ............................................................................................. 10

*Deus v. Allstate Ins. Co.*,
15 F.3d 506 (5th Cir. 1994) ................................................................................................... 4

*Edmunds Holding Co. v. Autobytel Inc.*,
598 F. Supp.2d 606 (D. Del. 2009) ....................................................................................... 8

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
31 S. Ct. 2846, 180 L. Ed. 2d 796 (2011) .............................................................................. 6

*Haworth, Inc. v. Steelcase, Inc.*,
12 F.3d 1090 (Fed. Cir. 1993) ............................................................................................... 4

*Jet Traders Investment Corp. v. Tekair Ltd.*,
89 F.R.D. 560 (D.Del. 1981) ................................................................................................. 4

*LG Display Co. v. AU Optronics Corp.*,
No. 06-726-LPS, 2010 U.S. Dist. LEXIS 137396, at *6 (D. Del. Dec. 29, 2010) ............. 5

*Maxum Indem. Co. v. Eclipse Mfg. Co.*,
2008 U.S. Dist. LEXIS 89757, *6-7 (N.D. Ill. Nov. 5, 2008) ............................................. 5

*Medimmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 S.Ct. 764, 778, 166 L.Ed.2d 604 (2007) .................................................... 7, 8

*Microsoft Corp. v. WebXchange Inc.*,
2009 WL 3534845 (D. Del. Oct. 30, 2009) .......................................................................... 8

*National American Corp. v. Federal Republic of Nigeria*,
1977 U.S. Dist. LEXIS 17468 (S.D.N.Y. 1977) ............................................................... 5, 7

*Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith*,
564 F. Supp. 1358 (D. Del. 1983) ......................................................................................... 4

*Philips Elecs. N.Am. Corp. v. Conent Corp.*,
   220 F.R.D. 415 (D. Del. 2004) ........................................................................................ 10

*Reedsburg Bank v. Apollo*, 5
   08 F.2d 995 (7th Cir. 1975) ........................................................................................ 5, 7

*Softview LLC v. Apple Inc.*,
   2011 WL 4571793 and 6100421 *1 (D. Del. Sept. 30, 2011) .......................................... 10

*SRI Int'l v. Internet Security Sys., Inc.*,
   2005 WL 851126, at *1 (D. Del. Apr. 13, 2005) ............................................................. 10

*ThermaPure, Inc. v. Temp-Air, Inc.*,
   2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010) ......................................................... 11

*WiAV Networks LLC v. 3Com Corp.*,
   No. C 10-3488 WHA, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) ...................... 11

**Statutes**

35 U.S.C. § 299 .................................................................................................................... 11

28 U.S.C. § 1331 .................................................................................................................... 7

Declaratory Judgment Act, 28 U.S.C. § 2201 ........................................................................ 7

Federal Rule of Civil Procedure 20(a)(2) ...................................................................... 11, 12

Federal Rule of Civil Procedure 24(b) .................................................................................. 4

Federal Rule of Civil Procedure Rule 20(a)(1) ........................................................... 2, 10, 15

Federal Rule of Civil Procedure Rule 24(b)(2) ..................................................................... 4

Leahy-Smith America Invents Act ...................................................................................... 11

Defendant GeoTag, Inc. ("GeoTag") files this response to the Motion to Intervene filed by The Nielsen Company (US), LLC ("Nielsen") and Wilke Thornton, Inc. ("WTI") (jointly the "proposed intervenors").

## SUMMARY OF ARUGMENT

The proposed intervenors' motion should be denied for several reasons. First, the proposed intervenors must establish the existence of a jurisdictional basis for their claims independent of the jurisdiction that the Court has over the claims in the principal action – both subject matter and personal jurisdiction. The proposed intervenors have not established either. The proposed intervenors' allegation that GeoTag has sued "some" of their customers for patent infringement is insufficient to establish an actual controversy necessary to establish subject matter jurisdiction.

Moreover, the proposed intervenors also have failed to establish that this Court has personal jurisdiction over GeoTag regarding their claims against it. Subsequent to the filing of this action by Plaintiff Where2GetIt, Inc. ("W2GI'), but before the proposed intervenors filed their motion to intervene, GeoTag ceased being a Delaware corporation and was reincorporated as a Texas corporation. The proposed intervenors improperly rely on GeoTag's previous incorporation in Delaware as the basis for the Court's personal jurisdiction over GeoTag for their independent claims. This now irrelevant fact is insufficient to support personal jurisdiction in this forum relating to the proposed intervenors' claims against GeoTag. Because the proposed intervenors have not, and cannot, allege facts sufficient to establish the Court's personal jurisdiction regarding their claims against GeoTag, the Court should deny their motion to intervene.

In addition, it would be improper to join the proposed intervenors with W2GI as plaintiffs in this action under Rule 20(a)(1) of the Federal Rules of Civil Procedure because the proposed intervenors do not assert any right to relief arising out of the same transaction or occurrence that forms the basis for W2GI's claims against GeoTag, as required by that rule. The proposed intervenors merely contend that GeoTag has asserted similar infringement claims against W2GI's customers and that W2GI also seeks a declaration of invalidity of the `474 patent. This is insufficient to establish that the proposed intervenors' claims arise out of the same transaction or occurrence as W2GI's separate claims against GeoTag. Thus, the proposed intervenors cannot be joined as plaintiffs in this action through intervention.

## FACTUAL BACKGROUND

Plaintiff W2GI against GeoTag filed this action on March 14, 2011. W2GI alleges that GeoTag is the owner of U.S. Patent No. 5,930,474 (the "`474 Patent"). Plaintiff W2GI premises subject matter jurisdiction over its claims under the Declaratory Judgment Act based on the allegation that unspecified customers of W2GI have been sued by GeoTag for infringement of the `474 patent in Texas, and these customers have sought indemnity and defense from W2GI in the Texas litigation. W2GI Complaint at ¶¶ 29-30. W2GI seeks a declaration that unspecified claims of the `474 patent are invalid and that W2GI's alleged customers do not infringe any unspecified valid claim of the `474 patent. GeoTag has filed a motion to dismiss or, in the alternative, to transfer this action based upon the fact that W2GI engaged in bad faith and inequitable conduct by ambushing GeoTag with the filing this action in violation of a proposed standstill agreement while the parties were in the middle of settlement discussions. *See* Dkt. No. 12.

At the time W2GI filed its declaratory judgment action, GeoTag was incorporated in the

State of Delaware, although it did not have any other connections with this forum.  On October 10, 2011, GeoTag was reincorporated as a Texas corporation and ceased to be incorporated in Delaware.  *See* Declaration of Eric W. Buether at ¶¶ 3-6.

On December 7, 2011, the proposed intervenors filed their motion to intervene.  The proposed intervenors allege that they "offer services and systems to companies that allow their customers to search databases to locate stores that carry certain products within a geographic area such as a city or zip code."  *See* Motion to Intervene – Exhibit 1 at ¶ 3. The proposed intervenors seek to intervene in this lawsuit to assert their own claims against GeoTag seeking a declaration of noninfringement and invalidity of the `474 patent with respect to their own customers.

The only factual allegation in the proposed complaint in intervention relating to this Court's personal jurisdiction over GeoTag regarding the proposed intervenors' claims is that GeoTag formerly was incorporated in Delaware at the time W2GI filed its complaint.  *See* Motion to Intervene – Exhibit 1 at ¶ 4.  The only facts alleged in the proposed complaint in intervention regarding the existence of an actual controversy between the proposed intervenors and GeoTag is that GeoTag has sued "some" of their customers (supposedly two) for infringement of the `474 patent and these customers have requested indemnity from them regarding these infringement claims.  *See* Motion to Intervene – Exhibit 1 at ¶¶ 10-12.  The proposed intervenors do not allege that there is any connection between their claims and the claims asserted by W2GI other than that they involve the same patent.

## ARGUMENT

### A.   THE LEGAL STANDARD FOR PERMISSIVE INTERVENTION

With regard to procedural matters, such as a motion to intervene, the Court should apply regional, not Federal Circuit, law. *See Haworth, Inc. v. Steelcase, Inc.*, 12 F.3d 1090, 1092 (Fed. Cir. 1993). The Court, therefore, should apply Third Circuit case law in ruling on the motion to intervene.

In pertinent part, Federal Rule of Civil Procedure 24(b) provides: "On timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." "Whether to grant permissive intervention under Rule 24(b), as the doctrine's name suggests, is within the discretion of the district court . . . ." *Brody v. Spang*, 957 F.2d 1108, 1124 (3d Cir. 1992). Rule 24 is aimed at preventing multiple lawsuits when common questions of law or fact are involved. It does not permit, however, the creation of a whole new lawsuit by an intervenor. *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994).

#### 1.   An Intervenor Must Establish an Independent Basis for Jurisdiction Over Its Own Claims

As this Court has expressly held, "[i]n order to intervene pursuant to Rule 24(b)(2), an intervenor must establish the existence of a jurisdictional basis for its claims independent of the jurisdiction that the court has over the claims in the principal action." *Paine, Webber, Jackson & Curtis v. Merrill Lynch, Pierce, Fenner & Smith*, 564 F. Supp. 1358, 1372 (D. Del. 1983), citing *Jet Traders Investment Corp. v. Tekair Ltd.*, 89 F.R.D. 560, 566 (D.Del. 1981). In *Jet Traders*, this Court denied a motion to intervene even though the proposed intervenor – TAAG – established that its claims "have questions of law and fact in common with those involved in the principal action, and the Court is further convinced that TAAG's participation in this action

would be desirable and would not unduly prejudice the parties." 89 F.R.D at 566. The Court pointed out that:

> However, the Court lacks the power to permit TAAG to intervene as a discretionary matter because TAAG has failed to show that this Court has jurisdiction to hear its claims. In order to intervene pursuant to Rule 24(b)(2), an intervenor must establish the existence of a jurisdictional basis for its claims independent of the jurisdiction that the Court has over the claims in the principal action.

*Id*. (citing cases). *See also LG Display Co. v. AU Optronics Corp.*, No. 06-726-LPS, 2010 U.S. Dist. LEXIS 137396, at *6 (D. Del. Dec. 29, 2010) (proposed intervenor must establish independent basis for jurisdiction).

The rule requiring an intervenor to establish an independent basis for jurisdiction applies to personal as well as subject matter jurisdiction. In *National American Corp. v. Federal Republic of Nigeria*, 1977 U.S. Dist. LEXIS 17468 (S.D.N.Y. 1977), for example, the court found that "the proposed intervenors' failure to demonstrate a basis of personal jurisdiction is a sufficient ground for denying permissive intervention." *Id*. at *19-20. The *National American* court cited the Seventh Circuit's decision in *Reedsburg Bank v. Apollo*, 508 F.2d 995 (7th Cir. 1975), where the court affirmed the district court's order denying a motion to intervene for failure to establish independent personal jurisdiction over the adverse party. 508 F.2d at 1000. In reaching its decision, the *Reedsburg Bank* court pointed out that "[t]he general rule is that permissive intervention in an *in personam* action other than a class action must be supported by independent grounds of jurisdiction." *Id*. Furthermore, the court emphasized that, "[in an in personam action . . . when the only basis for intervention is a common question of law or fact, there is no compelling reason to permit the litigation of a claim or a defense that could not have been asserted had the intervenor been an original plaintiff or defendant." *Id*. *See also Maxum Indem. Co. v. Eclipse Mfg. Co.*, 2008 U.S. Dist. LEXIS 89757, *6-7 (N.D. Ill. Nov. 5, 2008)

5

("courts require the intervenor to demonstrate an independent ground of jurisdiction, i.e., that the claims could have been asserted in the federal court in the absence of the main action.")

### B. THE MOTION TO INTERVENE SHOULD BE DENIED BECAUSE THE PROPOSED INTERVENORS HAVE NOT ESTABLISHED INDEPENDENT JURISDICTION RELATING TO THEIR CLAIMS AGAINST GEOTAG

The Court should deny the proposed intervenors' motion for permissive intervention because they have not alleged or shown that this Court has independent subject matter or personal jurisdiction over their claims against GeoTag.

#### 1. The Proposed Intervenors Have Failed to Show This Court's Personal Jurisdiction Over GeoTag Regarding Their Independent Claims

The proposed intervenors do not allege or prove any facts establishing that the Court has personal jurisdiction over GeoTag with respect to their independent claims. All the proposed intervenors allege is that, "[a]t the time this lawsuit commenced and at the time it filed for a motion to dismiss, Defendant GeoTag admitted it was a Delaware corporation with a place of business located at 555 Republic Drive, Suite 200, Plano, Texas 75074." Motion to Intervene – Exhibit 1 at ¶ 4. GeoTag, however, ceased to be a Delaware corporation on October 10, 2011, when it was reincorporated as a Texas corporation. Declaration of Eric W. Buether at ¶¶ 3-6. Thus, GeoTag was not incorporated in Delaware at the time the proposed intervenors filed their motion to intervene. The fact that GeoTag previously was incorporated in Delaware is irrelevant regarding the issue of whether GeoTag is subject to the personal jurisdiction of this Court concerning the independent claims of the proposed intervenors. The proposed intervenors have failed to allege any connection between GeoTag and this forum regarding their claims against GeoTag sufficient to establish general or specific jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (reaffirming that for

foreign corporations to be subject to general jurisdiction, their contacts with the forum state must be "so continuous and systematic as to render them essentially at home in the forum State.")

Therefore, as this Court declared in *National American*, "the proposed intervenors' failure to demonstrate a basis of personal jurisdiction is a sufficient ground for denying permissive intervention." As the court in *Reedsburg Bank* declared, "there is no compelling reason to permit the litigation of a claim or defense that could not have been asserted had the intervenor been an original plaintiff or defendant." 508 F.2d at 1000. The proposed intervenors could not have sued GeoTag in Delaware in an original action because of lack of personal jurisdiction over GeoTag. They cannot circumvent the constitutional requirement of personal jurisdiction by attempting to assert their claims against GeoTag in this forum through the procedural device of intervention.

### 2. The Proposed Intervenors Have Failed to Show This Court has Subject Matter Jurisdiction Over Their Propose Complaint in Intervention

The proposed intervenors also have failed to allege facts sufficient to establish that there is an actual controversy between them and GeoTag necessary for this Court to have subject matter jurisdiction over their proposed complaint in intervention for declaratory relief.

For declaratory judgment jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 to be present, there must be an "actual case or controversy" between the parties. *Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 S.Ct. 764, 778, 166 L.Ed.2d 604 (2007). *See* 28 U.S.C. § 1331. Subject matter jurisdiction over a declaratory judgment suit requires that "the dispute be 'definite and concrete, touching the legal relations of the parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a

7

decree of conclusive character.'" *Medimmune, id.* (citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937)).

The mere fact that a patent owner has sued a party's customers for patent infringement, as alleged by the proposed intervenors, is insufficient to establish an actual controversy for subject matter jurisdiction purposes. In *Edmunds Holding Co. v. Autobytel Inc.*, 598 F. Supp.2d 606, 610 (D. Del. 2009), for example, the patent owner had filed several patent infringement suits against the declaratory judgment plaintiff's customers. *Edmunds*, 598 F. Supp.2d at 607-608. The declaratory judgment plaintiff argued that the patent owner's general public statements about enforcing its patent, coupled with a pattern of litigation on that patent against the declaratory judgment plaintiff's customers, manifested the patent owner's intent to enforce its rights against the declaratory judgment plaintiff. *Id.* at 609. According to the declaratory judgment plaintiff, those facts were sufficient to show the existence of an actual controversy between the parties. *Id.* This Court disagreed, and found there to be no requisite threat or other explicit action on the part of the patentee from the patent owner's general statements and infringement suits against the declaratory judgment plaintiff's customers. *Id.* at 610. Accordingly, the Court found that the declaratory judgment plaintiff had failed to carry its burden regarding the existence of an actual controversy and dismissed the declaratory judgment complaint. *Id.*

Also instructive is this Court's ruling in *Microsoft Corp. v. WebXchange Inc.*, 2009 WL 3534845 (D. Del. Oct. 30, 2009). There, the patent owner had brought several infringement suits against Microsoft customers who used Microsoft's MapPoint product. Microsoft argued that these suits created a controversy between the patent owner and Microsoft that was sufficient to form the basis of declaratory judgment jurisdiction. *Id.* at *2. The Court disagreed, concluding

8

that WebXchange's infringement suits against Microsoft customers who used MapPoint did not create an actual controversy. *Id.* at *4. In arriving at its conclusion, the Court noted that there was no indication that WebXchange was intentionally engaging in scare-the-customer tactics, or using Microsoft's customers as proxies to apply pressure to Microsoft. *Id.* The Court went on to reason that even if any of the customers in the related patent infringement suits were ultimately found to have infringed WebXchange's patents-in-suit, such infringement would not necessitate a finding that Microsoft itself infringed by its MapPoint and Virtual Earth programs. *Id.* In addition, the Court noted that a declaration that Microsoft's use of MapPoint did not infringe the patents-in-suit would not prevent WebXchange from suing other Microsoft customers for infringement based on their use of MapPoint. *Id.* Finally, the Court concluded that the alleged damage caused by the pending infringement suits to Microsoft's relations with its customers, did not create a controversy between the parties sufficient to confer declaratory judgment jurisdiction. *Id.*

Finally, the fact that "[t]hose customers that are named as defendants in the Texas Actions have sought indemnification from Plaintiffs," Motion to Intervene – Exhibit 1 at ¶ 12, is insufficient to establish an actual controversy. The Federal Circuit has never held, and to GeoTag's knowledge, no court has ever held, that the mere receipt of an indemnity demand from a customer confers subject matter jurisdiction on a declaratory patent suit.

Thus, because the proposed intervenors' have not alleged or proven facts sufficient to show that an actual controversy between them and GeoTag exists, the Court should deny the motion to intervene for lack of an independent basis for subject matter jurisdiction.

### C. THE PROPOSED INTERVENORS CANNOT PROPERLY BE JOINED AS PLAINTIFFS IN THIS ACTION BECAUSE THEIR CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE AS PLAINTIFF W2GI'S CLAIMS

The Court should deny the motion to intervene for the additional reason that joinder of the proposed intervenors as plaintiffs in this action would violate Rule 20(a)(1) of the Federal Rules of Civil Procedure. Rule 20(a)(1) provides that:

Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a)(1). The "same transaction" requirement "refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Typically, this means that a party "must assert rights . . . that arise from *related activities* – a transaction or an occurrence or a series thereof." *Id*.

Numerous courts, including this Court, have held that the first element of Rule 20's joinder test is not met where, as here, a patent owner merely accuses unrelated defendants of independently infringing the same patent. *See Philips Elecs. N.Am. Corp. v. Conent Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) (severing claims brought against multiple defendants where the only connection between them was that they may have infringed the same patent).[1] *See also*

---

[1] Two unpublished Delaware cases, *Softview LLC v. Apple Inc.*, 2011 WL 4571793 and 6100421 *1 (D. Del. Sept. 30, 2011) and *SRI Int'l v. Internet Security Sys., Inc.*, 2005 WL 851126, at *1 (D. Del. Apr. 13, 2005), arguably bearing on this issue are distinguishable. In *Softview*, the Court's decision granting leave to amend to add additional defendants did not discuss the "same transaction or occurrence" issue. The defendants objected to the addition of defendants on the ground of jury confusion. The Court concluded that this issue could be addressed later with

*ThermaPure, Inc. v. Temp-Air, Inc.*, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010) (collecting cases); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("[C]laims of infringement against unrelated defendants, involving different [products], should be tried separately against each defendant."); *WiAV Networks LLC v. 3Com Corp.*, No. C 10-3488 WHA, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) (severing claims brought against twelve defendants who all manufactured laptops that allegedly infringed the same patent).[2]

In this case, although the proposed intervenors assert that GeoTag has made similar accusations of infringement of the same patent against them and W2GI, they do not allege that GeoTag's infringement allegations against them and W2GI involve the "same transaction, occurrence or series of transactions or occurrences." Fed.R.Civ.Proc. 20(a)(2). The proposed intervenors have not alleged that GeoTag has asserted that they and W2GI have acted in concert or otherwise controlled or directed each other's conduct. Indeed, the proposed intervenors and W2GI appear to be ardent competitors of one another in the marketplace for their products and services. Nor have the proposed intervenors alleged any connection between them and W2GI except for the fact that their respective but distinct customers have been sued for infringement of the `474 patent. Although the proposed intervenors appear to assert that the infringement analysis with respect to them and W2GI will not vary much, Rule (20)(a) requires both a

---

regard to potential severance. Similarly, in *SRI*, the Court did not address the "same transaction or occurrence" issue. The Court was faced with a motion to sever, and decided the question based on judicial efficiency.

[2] These decisions are in accord with the Leahy-Smith America Invents Act, which became effective on September 16, 2011. The Act includes a provision stating that accused patent infringers may be joined in one action as defendants only if two conditions are met: (1) the right to relief against them must arise "out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling *of the same accused product or process*"; and (2) "questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299 (emphasis added).

"question of law or fact common to all defendants" *and* "the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.Proc. 20(a)(2).  The proposed intervenors have not alleged any facts to show that this latter requirement has been or could be satisfied.

Thus, the motion to intervene should be denied for the additional reason that granting the motion and joining the proposed intervenors as plaintiffs along with W2GI would violate Rule 20(a)(1).

## CONCLUSION

The motion to intervene should be denied because the proposed intervenors have failed to show an independent jurisdictional basis for their claims against GeoTag, and because joinder of the proposed intervenors as additional plaintiffs in this action would violate Rule 20(a)(1) of the Federal Rules of Civil Procedure.

DATED:  December 29, 2011

By: */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com

Of Counsel:
Eric W. Buether
State Bar No. 03316880
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone:    (214) 466-1272
Eric.Buether@BJCIPLaw.com

**ATTORNEYS FOR DEFENDANT GEOTAG, INC.**