IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WHERE 2 GET IT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GEOTAG, INC., <br><br> Defendant. | Civil Action No. 11-223-RGA |

**REPLY BRIEF IN SUPPORT OF THE NIELSEN COMPANY (US), LLC
AND WILKE THORNTON, INC.'S MOTION TO INTERVENE**

OF COUNSEL:

Gregory L. Lippetz (154228)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
E-mail: glippetz@jonesday.com

*Counsel for Intervenor-Plaintiff, The Nielsen Company (US) LLC*

Mary R. True (0046880)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH 43215
Telephone: (614) 227-4873
Facsimile: (614) 227-2390
E-mail: mtrue@bricker.com

*Counsel for Intervenor-Plaintiff, Wilke Thornton, Inc.*

January 9, 2012

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Donald E. Reid (#1058)
1201 North Market Street, 18th Floor
P. O. Box 1347
Wilmington, DE 19899-1347

*Attorneys for Intervenor-Plaintiffs*

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | SUMMARY OF ARGUMENT | 1 |
| II. | NIELSEN AND WTI HAVE MET THE STANDARD FOR PERMISSIVE INTERVENTION UNDER RULE 24(B) | 1 |
| III. | THE COURT HAS SUBJECT MATTER JURISDICTION OVER NIELSEN AND WTI'S PROPOSED DECLARATORY JUDGMENT ACTION | 3 |
| IV. | GEOTAG IS SUBJECT TO PERSONAL JURISDICTION IN THIS ACTION | 5 |
| V. | CONCLUSION | 7 |

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Alfred Hofmann, Inc. v. Knitting Machines Corp.*,
   123 F.2d 458 (3d Cir. 1941)..................................................................................................3

*Arris Grp., Inc. v. British Telecomms. PLC*,
   639 F.3d 1368 (Fed. Cir. 2011)............................................................................................3

*Edmunds Holding Co. v. Autobytel, Inc.*,
   598 F. Supp. 2d 606 (D. Del. 2009).....................................................................................4

*Jet Traders Investment Corp. v. Tekair, Ltd.*,
   89 F.R.D. 560 (D. Del. 1981)...............................................................................................6

*LG Display Co. v. AU Optronics Corp.*,
   No. 06-726, 2010 U.S. Dist. LEXIS 137396 (D. Del. Dec. 29, 2010) ..............................2, 5

*Maxum Indem. Co. v. Eclipse Mfg. Co.*,
   No. 06-4946, 2008 U.S. Dist. LEXIS 89757 (N.D. Ill. Nov. 5, 2008) .................................6

*Microsoft Corp. et al. v. GeoTag Inc.*,
   No. 11-175-RGA (D. Del.) ...................................................................................................3

*Microsoft Corp. v. WebXchange Inc.*,
   No. 09-484, 2009 U.S. Dist. LEXIS 103225 (D. Del. Oct. 30, 2009) ..............................4, 5

*National American Corp. v. Federal Republic of Nigeria*,
   425 F. Supp. 1365 (S.D.N.Y. 1977)..................................................................................5, 6

*Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   564 F. Supp. 1358 (D. Del. 1983)........................................................................................6

*Phila. Prof'l Collections, LLC v. Young*,
   No. 10-724, 2010 U.S. Dist. LEXIS 136194 (E.D. Pa. Dec. 22, 2010)................................6

*Reedsburg Bank v. Apollo*,
   508 F.2d 995 (7th Cir. 1975) ................................................................................................5

**STATUTES**

28 U.S.C. § 2201.........................................................................................................................3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 20(a) ....................................................................................1, 2

# TABLE OF AUTHORITIES
**(continued)**

**Page**

Federal Rule of Civil Procedure 24(b) .................................................................................. *passim*

The Nielsen Company (US), LLC ("Nielsen") and Wilke Thornton, Inc. ("WTI") respectfully submit this reply to GeoTag, Inc.'s ("GeoTag") response in opposition to Nielsen and WTI's joint motion to intervene as plaintiffs in the above-captioned declaratory judgment action pursuant to Federal Rule of Civil Procedure 24(b).

## I.   SUMMARY OF ARGUMENT

GeoTag's opposition to Nielsen and WTI's joint motion to intervene in this case fails to address the proper standard for permissive intervention set forth by the Federal Rules of Civil Procedure and this Court. In particular, GeoTag claims that Nielsen and WTI have failed to meet the standard for permissive *joinder* under Rule 20(a), though the joint motion seeks permissive *intervention* under Rule 24(b). Tellingly, GeoTag fails to cite any case or precedent supporting the application of the joinder standard against a party seeking intervention. Furthermore, GeoTag incorrectly asserts that Nielsen and WTI must show an independent basis for personal jurisdiction over GeoTag, which is both unsupported by the law and ignores that GeoTag has already submitted to the jurisdiction of this Court by appearing in this case. Finally, GeoTag incorrectly argues that there is no actual case or controversy with Nielsen and WTI, despite that GeoTag has sued Nielsen and WTI's customers for patent infringement based on their use of Nielsen and WTI's online product locator technology.

## II.   NIELSEN AND WTI HAVE MET THE STANDARD FOR PERMISSIVE INTERVENTION UNDER RULE 24(B)

GeoTag's response in opposition to Nielsen and WTI's intervention applies the wrong standard of law and should, therefore, be disregarded.

This Court has stated "[t]o establish that intervention is warranted under Rule 24(b), the intervenor must demonstrate: (1) an independent basis for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a common question of law or fact with the

primary litigation." *LG Display Co. v. AU Optronics Corp.*, No. 06-726-LPS, 2010 U.S. Dist. LEXIS 137396, at *6 (D. Del. Dec. 29, 2010). GeoTag ignores this clear guidance and instead argues that Nielsen and WTI's pendent claims must arise out of the "same transaction or occurrence" as the main action brought by Where 2 Get It, Inc. ("W2GI"). (*See* D.I. 27 at 10-12). GeoTag's argument, which applies the standard for permissive joinder under Rule 20(a), is irrelevant to Nielsen and WTI's motion to intervene under Rule 24(b). Even in applying the wrong standard, GeoTag manages to contradict itself. Specifically, GeoTag argues that the claims of unrelated parties, Nielsen/WTI and W2GI, do not arise out of the "same transaction or occurrence" under Rule 20(a)(1), even though GeoTag has itself "joined" hundreds of unrelated parties as defendants in each of its lawsuits in the Eastern District of Texas. (*See* D.I. 22 at 3-4 (listing the Texas actions)). If GeoTag's claims against those unrelated parties fulfill the standard for joinder of defendants under Rule 20(a)(2) by arising out of the "same transaction or occurrence," then W2GI and Nielsen/WTI's claims similarly meet that same standard under Rule 20(a)(1). GeoTag's opposition based on this point should be disregarded.

Nielsen and WTI have met all the requirements under Rule 24(b), which is the correct and relevant standard for Nielsen and WTI's motion to intervene. In particular, Nielsen and WTI have demonstrated that the pendent claims share several common questions of law and fact with the primary litigation brought by W2GI including: (1) the validity of GeoTag's patent at issue; (2) construction of claim terms at issue; and (3) application of those claim terms to the Nielsen/WTI and W2GI systems, particularly in view of GeoTag's nearly identical infringement contentions against those systems. (*See* D.I. 22 at 8-9). Indeed, GeoTag does not deny that the pendent claims share common questions of law and fact with the primary litigation brought by W2GI. (*See* D.I. 27 at 10-12 (arguing that the claims do not arise from the same transaction or

occurrence, but not denying that they share common questions of law and fact)). Nielsen and WTI have also met the additional requirements of Rule 24(b) that intervention be timely and there be an independent basis for subject matter jurisdiction over the pendent claims. (*See id*. at 7-8; *see also infra* Section III).

### III. THE COURT HAS SUBJECT MATTER JURISDICTION OVER NIELSEN AND WTI'S PROPOSED DECLARATORY JUDGMENT ACTION

There is proper subject matter jurisdiction for Nielsen and WTI's pendent claims under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. As explained in Nielsen and WTI's opening brief, an actual controversy was created when GeoTag sued Nielsen and WTI's customers for patent infringement based on their use of Nielsen and WTI's online product locator. (D.I. 22 at 7-8). GeoTag's allegations have placed a cloud on Nielsen and WTI's online product locator and have caused customers to seek indemnification for the allegations brought against them due to their use of the Nielsen/WTI online product locator, thereby creating a justiciable controversy. *See, e.g., Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1376-77 (Fed. Cir. 2011) (finding justiciable controversy exists when a plaintiff's customer is sued, and the plaintiff's product is a "material" part of the accused system); *Alfred Hofmann, Inc. v. Knitting Machines Corp.*, 123 F.2d 458, 461 (3d Cir. 1941) (finding a justiciable controversy exists where a patent owner threatens a plaintiff's customers).

Additionally, a finding of subject matter jurisdiction over Nielsen and WTI's claims is consistent with this Court's existing ruling on the same issue in the parallel declaratory judgment action brought by Microsoft and Google. *Microsoft Corp. et al. v. GeoTag Inc.*, No. 11-175-RGA, D.I. 28 (D. Del. Dec. 9, 2011). There, this Court agreed that an actual controversy exists between GeoTag and Microsoft/Google due to GeoTag's lawsuits against customers who use online locator services provided by Microsoft and Google. *Id.*, D.I. 29 at 46:10-47:25

("Microsoft and Google provide either a material component or a method as described in the Arris case. . . . there's a factual basis to believe that GeoTag could have brought these claims against Microsoft and Google, and, therefore, I'm going to deny the Motion to Dismiss for lack of subject matter jurisdiction."). Similarly, the online product locator provided by Nielsen and WTI is the material, if not only, component accused by GeoTag in its lawsuits against Nielsen and WTI's customers.

GeoTag fails to address these points and, instead, seeks support from two cases that are distinguishable from the present case. In *Edmunds Holding Co. v. Autobytel, Inc.*, 598 F. Supp. 2d 606 (D. Del. 2009), for example, the customers were not sued by the patentee based on their use of the declaratory judgment plaintiff's products or services, nor were the customers seeking indemnification from the declaratory judgment plaintiff. Rather, the declaratory judgment plaintiff was merely in the same general field of business as its customers (*i.e.*, sending and receiving sales leads), which was insufficient to establish an actual case or controversy. In stark contrast, GeoTag's lawsuits against Nielsen and WTI's customers are based exclusively on the customers' use of the Nielsen/WTI online product locator, for which the accused customers have sought indemnification from Nielsen and WTI. (D.I. 22 at 4-5, 7).

Further, GeoTag's arguments are unsupported by *Microsoft Corp. v. WebXchange Inc.*, which is also distinguishable since the infringement allegations in that case were "against a larger [customer] system, of which [the customer's] use of [the declaratory judgment plaintiff's product] ***is just one part***." No. 09-484-JJF, 2009 U.S. Dist. LEXIS 103225, *10 (D. Del. Oct. 30, 2009) (emphasis added). Here, GeoTag accuses only the Nielsen and WTI online product locator—not a larger customer system of which the online product locator is just one part. (D.I. 22 at 4-5, 7). Also, the customers in *Microsoft* had merely "used [the declaratory judgment

plaintiff's] software to create some of the products [the patentee] has accused of infringement." 2009 U.S. Dist. LEXIS 103225, at *2. Here, Nielsen and WTI's customers did not use the online product locator to "create" the accused instrumentality—the online product locator *is* the accused instrumentality. Thus, the court's determination in *Microsoft* that a finding of infringement by the customers would "not necessitate a finding that [declaratory judgment plaintiff] itself infringed by its [accused software]" does not apply here. *Id*. at *11. In this case, the Nielsen/WTI online product locator is precisely the accused instrumentality at issue in GeoTag's lawsuits against Nielsen and WTI's customers. A finding of infringement by Nielsen and WTI's online product locator thus necessarily flows to Nielsen and WTI as providers of that product.

## IV. GEOTAG IS SUBJECT TO PERSONAL JURISDICTION IN THIS ACTION

Contrary to GeoTag's arguments, there is no requirement that an intervenor show an independent basis for personal jurisdiction to intervene in an *in personam* action in which the court has already established personal jurisdiction over the defendant. In fact, this Court has stated an intervenor need only demonstrate "an independent basis for ***subject matter jurisdiction***," not personal jurisdiction. *LG Display*, 2010 U.S. Dist. LEXIS 137396, at *6 (emphasis added).

Indeed, GeoTag fails to cite any law to support its independent personal jurisdiction requirement, nor is there any such support. GeoTag relies, instead, on two wholly inapposite cases involving actions *in rem* and *quasi-in rem*: *Reedsburg Bank v. Apollo*, 508 F.2d 995 (7th Cir. 1975); and *National American Corp. v. Federal Republic of Nigeria*, 425 F. Supp. 1365 (S.D.N.Y. 1977). In *Reedsburg Bank*, the plaintiff brought a foreclosure action *in rem* against a shipping vessel, and intervention was denied because intervenors could not demonstrate an interest in the *res* at issue in the action (*i.e.*, the vessel). 508 F.2d at 1000. Similarly, in *National American*, the plaintiff "sidestepped the need for personal jurisdiction by successfully attaching

the defendants' funds in a New York bank," thereby creating an action *quasi-in rem*. 425 F. Supp. at 1368. Intervention was therefore denied because intervenors could not demonstrate an interest in the *res* at issue (*i.e.*, the defendants' funds) or establish a separate basis for jurisdiction, whether *quasi-in rem* or *in personam*. *Id*. These cases involve actions *in rem* and *quasi-in rem* and thus do not apply to the present case, an action *in personam* in which the Court has already established personal jurisdiction over GeoTag.

GeoTag's remaining citations explicitly refer only to subject matter jurisdiction, and make no mention of a separate personal jurisdiction requirement. *See*, *e.g.*, *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371-73 (D. Del. 1983) (denying intervention where intervenor had no subject matter jurisdiction for its claim); *Jet Traders Investment Corp. v. Tekair, Ltd.*, 89 F.R.D. 560, 566 (D. Del. 1981) (denying intervention where intervenor would eliminate complete diversity and, thus, destroy subject matter jurisdiction in the main action); *Maxum Indem. Co. v. Eclipse Mfg. Co.*, No. 06-4946, 2008 U.S. Dist. LEXIS 89757, at *7 (N.D. Ill. Nov. 5, 2008) (granting intervention where intervenor would not disturb diversity subject matter jurisdiction).

Here, there is no dispute that this Court has *in personam* jurisdiction over GeoTag. GeoTag has appeared and submitted to the jurisdiction of this Court in the above captioned case, and GeoTag's reincorporation as a Texas corporation does not change those facts. *See, e.g.*, *Phila. Prof'l Collections, LLC v. Young*, 2010 U.S. Dist. LEXIS 136194, *14-15 n.51 (E.D. Pa. Dec. 22, 2010) ("[P]ersonal jurisdiction depends on the defendant's contacts with the state at the time the lawsuit was filed.") (citation omitted). Accordingly, Nielsen and WTI's motion to intervene in this case does not require a showing of an independent basis for personal jurisdiction, nor has GeoTag provided any support for such a requirement.

- 7 -

## V. CONCLUSION

GeoTag's opposition to Nielsen and WTI's joint motion to intervene relies on the wrong standard for intervention under the Federal Rules, attempts to impose extraneous and unsupported requirements, and ignores the actual controversy created by GeoTag when it sued Nielsen and WTI's customers for patent infringement based on their use of the Nielsen/WTI online product locator. For each of the foregoing reasons, as well as the reasons provided in Nielsen and WTI's opening brief (D.I. 22), intervention is warranted under Rule 24(b) and the Court should grant the motion allowing Nielsen and WTI to intervene in this matter.

Dated: January 9, 2012                                  Respectfully submitted,


                                                         /s/ *Donald E. Reid*
                                                        Donald E. Reid (#1058)
                                                        MORRIS, NICHOLS, ARSHT & TUNNELL
                                                        1201 North Market Street, 18th Floor
                                                        P.O. Box 1347
                                                        Wilmington, DE  19899-1347
                                                        Telephone: (302) 351-9219
                                                        Facsimile: (302) 425-3001
                                                        E-mail: dreid@mnat.com

                                                        ***Counsel for Intervenor-Plaintiffs***

OF COUNSEL:

Gregory L. Lippetz (154228)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:  (650) 739-3939
Facsimile:   (650) 739-3900
E-mail:  glippetz@jonesday.com

***Counsel for Intervenor-Plaintiff, The Nielsen Company (US), LLC***


Mary R. True (0046880)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, OH  43215
Phone:  (614) 227-4873
Facsimile:  (614) 227-2390
E-mail:  mtrue@bricker.com

***Counsel for Intervenor-Plaintiff, Wilke Thornton, Inc.***
4828093.1

## CERTIFICATE OF SERVICE

I, Donald E. Reid, hereby certify that on the 9th day of January, 2012 the foregoing Reply Brief In Support Of The Nielsen Company (US), LLC and Wilke Thornton, Inc.'s Motion to Intervene was served via electronic filing upon all counsel of record.

/s/ Donald E. Reid
_____
Donald E. Reid (#1058)